UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GEORGE E. HAHN, JR.<br><br>　　　　　　　Plaintiff,<br>vs.<br>CITIBANK, N.A., a corporation,<br>　　　　　　　Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**1. TCPA, 47 U.S.C. § 227**<br><br>(Unlawful Debt Collection Practices)<br><br>Demand Exceeds $10,000 |

## **COMPLAINT FOR DAMAGES**
### I.　　　**INTRODUCTION**

1.　　George E. Hahn, Jr. ("Plaintiff") brings this action against Citibank, N.A. ("Defendant" or "Citi") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

### II.　　　**JURISDICTION**

2.　　Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

3.　　Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

4.　　Defendant transacts business in this district; personal jurisdiction is established.

### III. PARTIES

5. Plaintiff is a natural person residing in Wright City, Warren County, Missouri.

6. Defendant Citi is a debt collector with its principal place of business located in New York, New York, and can be served with process by serving the corporation at 399 Park Avenue New York, NY 10022.

7. The debt(s) that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes.

8. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

9. During the course of its attempts to collect debts, Defendant sends to Debtor bills, statements, and/or other correspondence, via the mail or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. FACTUAL ALLEGATIONS

11. Defendants are attempting to collect alleged consumer debts from Plaintiff.

12. In or around December 2016, Defendant began placing calls to Plaintiff's cellular phone number (314) 805-3256, in an attempt to collect an alleged debt.

13. The calls originated from (855) 805-5486 and upon information and belief this number is owned or operated by Defendant, and upon information and belief, the calls were made in an attempt to collect on a Costco Citi Account.

14. Between December 19, 2016 and January 12, 2017, Defendant called Plaintiff's cellular telephone number no less than seventy-two (72) times.

15. On December 19, 2016 at 1:30 p.m., Plaintiff answered a phone call from telephone number (855) 805-5486; Plaintiff heard a pause before the collection agent began to speak, indicating use of an automatic telephone dialing system.

16. Defendant's representative informed Plaintiff that it was attempting to collect a debt.

17. Plaintiff unequivocally revoked consent to be called any further.

18. After the December 19, 2016 call, Plaintiff Hahn received approximately seventy-two (72) additional calls from telephone number (855) 805-5486 from December 19, 2016 through January 12, 2017.

19. Plaintiff is retired, and goes to sleep early; the calls would often come after Plaintiff had gone to bed, waking Plaintiff up.

20. Plaintiff is deeply religious, and the calls would often come while he was in church, causing distraction and embarrassment.

21. Each and every single phone call caused Plaintiff distraction, temporary loss of use of his telephone line, and annoyance.

22. Defendant is familiar with the TCPA.

23. Defendant's conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.

### V.     CAUSE OF ACTION

### COUNT I

**(Violations of the TCPA, 47 U.S.C. § 227)**

24. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiffs at Plaintiffs' cellular telephones using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

28. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

29. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

30. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

32. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiffs is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation,

pursuant to 47 U.S.C. § 227(b)(3)(B).  If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiffs are entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## VI.	PRAYER FOR RELIEF

WHEREFORE, Plaintiff George Hahn, Jr. respectfully requests that judgment be entered against Defendant for the following:

(a)	Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(b)	Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(c)	For such other and further relief as the Court may deem just and proper.

## VII.	DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: February 7, 2017					**PRICE LAW GROUP, APC**

							By:  */s/ Mark D. Molner*

								Mark D. Molner, MO# 62189
								111 W. 10th Street
								Kansas City, MO 64105
								P: 866-775-3515
								F: 866-502-3515
								E: mark@pricelawgroup.com
								Attorneys for Plaintiff
								George E. Hahn, Jr.