UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE E. HAHN, JR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV00492 AGF |
| | ) | |
| CITIBANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This action, brought under the Fair Debt Collection Practices Act ("FDCPA"), is before

the Court on the motion of Defendant Citibank, N.A, to compel arbitration and stay the case

pending arbitration. Plaintiff claims in his complaint that Defendant violated the FDCPA by

making multiple calls to his cell phone in attempting to collect a debt "on a Costco Citi

Account." Defendant's motion to compel arbitration is based on an arbitration provision in the

credit card agreement between the parties that provides that either party could chose to arbitrate

any dispute arising out of the credit card account, and if arbitration were chosen by either party,

neither Plaintiff nor Defendant would have the right to litigate the claim in court. ECF No. 15-1

at 134. A copy of the agreement, with Plaintiff's address redacted, was attached to the motion

to compel.

Plaintiff responds that as the copy of the agreement submitted by Defendant does not

show Plaintiff's address, it is not clear that Plaintiff was ever made aware of the agreement and

the arbitration clause it contains. Plaintiff also faults Defendant's counsel for not consulting

with Plaintiff's counsel prior to filing the instant motion, as had that been done, "Plaintiff very

well could have stipulated to proceed with Arbitration." Plaintiff asserts that this failure constituted a waiver of the right to compel arbitration. But Plaintiff states that upon a showing by Defendant that Plaintiff accepted the card member agreement, Plaintiff would stipulate to stay the proceedings in this case to pursue arbitration. Plaintiff, however, asks Court to order Defendant to reimburse Plaintiff for his attorney's fees in the amount of $500 in responding to the motion to compel, an expense that could have been avoided had Defendant consulted with Plaintiff's counsel prior to filing the motion to compel.

In reply, Defendant submits an unredacted version of the card member agreement between the parties, along with the declaration of an employee of Defendant responsible for, and with personal knowledge of, Defendant's business practices with respect to mailing card member agreements to customers like Plaintiff. The employee attests that Plaintiff was sent the card member agreement containing the arbitration provision and accepted such provision by his use of the corresponding credit card at issue in this case. Defendant argues that it did not waive its right to rely on the arbitration provision, and that there is no basis for awarding Plaintiff reimbursement for his expenses in responding to the motion to compel.

The arbitration provision in the card member agreement here supports Defendant's motion to compel arbitration. *See Perry v. Ad Astra Recovery Servs., Inc.*, No. 4:14CV00004 TIA, 2014 WL 2765465, at *3 (E.D. Mo. June 18, 2014) (granting motion to compel arbitration of FDCPA claim, in light of a similar arbitration provision in the credit card agreement between the parties); *Mantle v. Ad Astra Recovery Servs., Inc.*, No. 4:13CV00638 CAS, 2013 WL 3480311, at *5 (E.D. Mo. July 10, 2013) (same). The Court fully agrees with Defendant that there has been no waiver of the arbitration provision, and that Plaintiff is not entitled in any way to reimbursement of his expenses in responding to the motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that the motion (ECF. No. 14) of Defendant Citibank, N.A, to compel arbitration and stay the case pending arbitration is **GRANTED**. The Clerk's Office shall administratively close this case.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report within ten days of a decision regarding the outcome of the arbitration proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's request for reimbursement of his attorney's fees in responding to the instant motion to compel is **DENIED**.

**IT IS FURTHER ORDERED** that the Rule 16 conference set for May 4, 2017, is **CANCELED**.

Dated this 25th day of April, 2017.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE